# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| Theresa Nitkowski, | Case No. 2:10-cv-686-WEC |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** |
| IC System, Inc., | |
| Defendant. | **JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

3. As described below, Defendant attempted to collect from Plaintiff a "debt" as defined by 15 U.S.C. §1692a(5).

4. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. Throughout June 2010, Defendant telephoned Plaintiff at Plaintiff's place of employment on numerous occasions in connection with the collection of the debt.

6. During several of these communications, Plaintiff notified Defendant that Plaintiff's employer prohibits such communications at Plaintiff's place of employment and that Defendant's telephone calls to Plaintiff's place of employment were inconvenient for Plaintiff, but Defendant ignored these notices and continued to telephone Plaintiff at

Plaintiff's place of employment in connection with the collection of the debt throughout June 2010.

7. On or around June 29, 2010, Defendant telephoned Plaintiff at her place of employment.

8. During this communication, Plaintiff again informed Defendant that such calls were prohibited by her employer and inconvenient for Plaintiff and then terminated the communication.

9. Immediately thereafter, Defendant telephoned Plaintiff at her place of employment three times in quick succession with the intent to harass Plaintiff.

10. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

11. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

12. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

13. Defendant violated 15 U.S.C. §1692c by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that Plaintiff's employer prohibited Plaintiff from receiving Defendant's phone calls.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

14. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

15. Defendant violated 15 U.S.C. §1692c by calling Plaintiff at a time and/or place known to be inconvenient for Plaintiff.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

16. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

17. The Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff.

## JURY DEMAND

18. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

19. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: /s/ Timothy J. Sostrin
    Timothy J. Sostrin
    233 S. Wacker Dr., Suite 5150
    Chicago, IL 60606
    Telephone: 866-339-1156
    Fax: 312-822-1064
    Email: tjs@legalhelpers.com
    Attorneys for Plaintiff